# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSON,<br><br>                  Plaintiff,<br>vs.<br><br>FEIN POWER TOOLS, et al.,<br><br>                  Defendant. | CASE NO. 09cv558 BTM (CAB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

The Court has before it two motions in this case. First, Defendant Fein Power Tools, Inc. ("Fein") moves to dismiss the Complaint for a lack of subject matter jurisdiction. Second, Plaintiff Jens Erik Sorenson, Trustee of the Sorenson Development and Research Trust ("Sorenson"), moves for sanctions under Federal Rule of Civil Procedure 11 on the basis that Defendant's Motion to Dismiss is frivolous and brought for an improper purpose. For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's Motion for Sanctions is **DENIED.**

## I. BACKGROUND

On March 18, 2009, Sorenson filed its Complaint against Fein and C. & E. Fein GMBH & Co, alleging infringement of United States Patent No. 4,935,184 (the "'184 patent"). This case is one of many pending patent infringements suits brought by Plaintiff in this district. On July 30, 2007, a third party request for reexamination of the validity of the '184 patent was filed with the United States Patent and Trademark Office (the "PTO"). The Court has stayed

1  the majority of the cases involving the '184 patent pending the completion of the
2  reexamination process by the PTO, which remains ongoing.
3       On October 31, 2008, the PTO issued an Office Action rejecting claims 1 and 6–10
4  under 35 U.S.C. § 103(a), and confirming as patentable claims 2 and 4. (Oberdick Decl., Ex.
5  7.)
6       On March 20, 2009, the PTO issued an Ex Parte Examination Interview Summary.
7  (Oberdick Decl., Ex. 8.) The Examiner indicated that he would withdraw the Section 103
8  rejections. (Id.)
9       On May 4, 2009, Fein filed its Motion to Dismiss. On June 5, 2009, Sorenson filed its
10 Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.
11      On August 21, 2009, the PTO issued an Office Action rejecting claims 1, 2, 4, and
12 6–10 under 35 U.S.C. §§ 102(b) and 103(a). (Notice of Action Taken by PTO [Docket No.
13 40]).

## II. DISCUSSION

16 Defendant's and Plaintiff's Motions are interrelated. The Court first considers
17 Defendant's Motion to Dismiss. Because the Court declines to dismiss Plaintiff's Complaint
18 for a lack of subject matter jurisdiction, it next assesses Plaintiff's Motion for Sanctions.

20 A. <u>Motion to Dismiss</u>

21 Fein moves to dismiss Plaintiff's Complaint for a lack of subject matter jurisdiction
22 under Federal Rule of Civil Procedure 12(b)(1). Fein argues that Sorenson's patent
23 infringement claims seek an advisory opinion by the Court because the '184 patent claims
24 remain in reexamination by the PTO. Sorenson responds that since an issued patent is
25 presumed valid, district courts retain subject matter jurisdiction over patent infringement suits
26 even where they involve patents already in the process of reexamination.
27 The jurisdiction of federal district courts is limited to actual cases or controversies.
28 U.S. Const. art. III, § 2. "A jurisdictional challenge under Rule 12(b)(1) may be made either

on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Defendant's Motion relies solely on the allegations in Plaintiff's Complaint and other documents of which the Court may take judicial notice.[1] The Court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiff[]." Warren, 328 F.3d at 1139.

Defendant does not dispute that the United States district courts have original jurisdiction over patent infringement cases. See 28 U.S.C. § 1338(a). Rather, Defendant contends that no justiciable case or controversy exists here because the '184 patent is in the process of reexamination. Defendant relies on a Federal Circuit case, GAF Bldg. Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479 (Fed. Cir. 1996), to make its argument. In GAF, the plaintiff brought suit seeking a declaratory judgment that the defendant's patent was invalid and that it had not infringed the patent. Id. at 480. At the time GAF filed suit, the defendant's patent had not yet issued, but the defendant had received a Notice of Allowance and paid the issue fee. Additionally, the defendant had sent a "cease and desist" letter to the plaintiff, threatening suit if the plaintiff did not cease infringement of its forthcoming patent. Id.

GAF held that no justiciable case or controversy existed in the declaratory judgment action, even though the patent issued shortly after the plaintiff filed suit. Id. at 482. The GAF court reasoned that the plaintiff's complaint "alleged a dispute over the validity and infringement of a possible *future* patent not then in existence." Id. (emphasis in original). Since justiciability is judged at the time of filing, and the district court could not be certain when the case was filed that a patent would issue, "the dispute was purely hypothetical and called for an impermissible advisory opinion." Id.

The Court disagrees with Defendant that it lacks subject matter jurisdiction over this

---

[1] Defendant and Plaintiff attach as exhibits to their Motion and Response several documents issued by the PTO. These documents are matters of the public record not subject to reasonable dispute. Therefore, the Court takes judicial notice of Defendant's and Plaintiff's exhibits. See Fed. R. Evid. 201(b); see also Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2001).

case. District courts must presume patents valid. 35 U.S.C. § 282. A party claiming invalidity in a patent infringement suit has the burden of proving that each claim is invalid by clear and convincing evidence. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1427 (Fed. Cir. 1988). "In a reexamination proceeding, on the other hand, there is no presumption of validity and the focus of the reexamination returns essentially to that present in an initial examination, at which a preponderance of the evidence must show nonpatentability before the PTO may reject the claims of a patent application." Id. (internal quotations omitted). Thus, "the inquiries of the PTO on reexamination and the issues before the district court in an infringement action are quite distinct." Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999). Moreover, "the awkwardness presumed to result if the PTO and court reach different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions." Ethicon, 849 F.2d at 1428.

In GAF, no patent yet existed for the district court to presume valid. Here, however, the Court must presume the '184 patent valid, so a justiciable controversy existed at the time of filing. Because this Court will apply a different standard than the PTO in examining the validity of the '184 patent, the PTO's tentative rejections of the claims do not have any effect on the Court's jurisdiction. As before this Court, Sorenson's infringement claims are not "hypothetical." Furthermore, as Defendant itself recognizes, the Court cannot be certain of the outcome of the reexamination proceeding until the PTO finally issues a reexamination certificate. A possibility exists that the PTO will again withdraw its rejections. Therefore, although the pendency of the reexamination proceedings could influence the Court's decision to stay this matter, see Xerox Corp., 69 F. Supp. 2d at 406, as it has in many related cases, it has no effect on the Court's jurisdiction.

Thus, construing the allegations of Plaintiff's Complaint in the light most favorable to it, the Court concludes that it has subject matter jurisdiction over Sorenson's patent infringement claims against Defendant. The Court **DENIES** Defendant's Motion to Dismiss.

B.    Motion for Sanctions

Plaintiff moves for sanctions pursuant to Rule 11 on the basis that Defendant's Motion to Dismiss was frivolous and brought for an improper purpose. Defendant argues that it brought its Motion in good faith and simply presented a novel legal argument.

Rule 11(b) provides that an attorney presenting a motion to the court certifies that "to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [the motion] is not being presented for an improper purpose [and] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . ." The Court may impose sanctions for a violation of Rule 11(b). Fed. R. Civ. P. 11(c). Courts apply an objective test in considering whether Rule 11(b) has been violated. Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993). The imposition of Rule 11 sanctions requires a showing of objectively unreasonable conduct. In re DeVille, 361 F.3d 539, 548 (9th Cir. 2004). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988).

The Court is not convinced that Defendant's Motion to Dismiss was frivolous or filed for an improper purpose. Plaintiff presents no evidence, other than bare assertions, to indicate that Defendant brought its Motion for an improper purpose. Moreover, although the Court does not agree with the legal arguments Defendant made in its Motion to Dismiss, they were not objectively unreasonable after a proper inquiry. Plaintiff has failed to identify, and the Court's own research has not revealed precedential any cases in which a motion to dismiss for a lack of subject matter jurisdiction was brought by a defendant in a patent infringement suit on precisely the same grounds as Defendant raised here. Defendant's contention that the Court should extend the reasoning of GAF to this case, while not persuasive, was not objectively unreasonable.

Therefore, the Court **DENIES** Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

## III. CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Dismiss and **DENIES** Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

**IT IS SO ORDERED.**

DATED:  September 26, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge